IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CV. 06-1850-AS |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| TRAVELCENTERS OF AMERICA, | |
| Defendant/Third Party Plaintiff, | |
| CONSUMER ELECTRONICS UNLIMITED, | |
| Third Party Defendant. | |

ASHMANSKAS, Magistrate Judge:

Plaintiff, the United States of America (the "United States"), filed this action to enforce and collect on a forfeiture order issued by the Federal Communications Commission (the "Commission") against TravelCenters of America ("TravelCenters") for the sale of uncertified CB transceivers. Consumer Electronics Unlimited ("Consumer Electronics"), third-party defendants, filed counterclaims against the United States asserting that the forfeiture order was unenforceable. The

United States now moves to dismiss Consumer Electronics' counterclaims asserting that this court lacks subject manner jurisdiction over the claims.

## Background

Consumer Electronics is an electronic equipment dealer. TravelCenters, a retail establishment with stores located in the State of Oregon, is a customer of Consumer Electronics. TravelCenters purchased several different amateur band radio sets (the "Radio Sets") from Consumer Electronics to sell in its stores. Consumer Electronics agreed to indemnify TravelCenters against any and all claims arising out of the sale of the Radio Sets.

The Commission is charged with the responsibility of regulating the use of the country's airwaves. Included in this obligation is the regulation of equipment that utilizes the airwaves. Citizen Band transceivers ("CB Radios"), which are allowed to transmit only on certain assigned frequencies in the 11-meter band ("Citizen Band"), are required to be certified by the Commission prior to sale. Amateur Band transceivers ("AB Radios"), which are allowed to transmit only on certain assigned frequencies in the 10-meter or 12 meter bands ("Amateur Band"), do not require certification but the operator of the AB Radio is required to be licensed by the Commission to use the Amateur Band.

On May 13, 1996, the Commission issued a Public Notice entitled "Extended Coverage High Frequency Transceivers (the "Public Notice"). 1996 WL 24269. The Public Notice acknowledged that manufacturers of AB Radios were designing the radios so that they could be easily modified by the user for use on the Citizen Band.[1] The Commission reminded manufacturers, importers, vendors

---

[1] The Public Notice also mentioned that certain manufacturers were promoting the sale of conversion kits which accomplished the same thing.

and users of transceivers that any transmitter intended for use on the Citizen Band must be certified or accepted by the Commission prior to sale. The Commission then specifically required AB Radios that were easily converted for use on the Citizen Band to be type accepted or certified by the Commission prior to importation, marketing or use.

In 2001, the Commission became aware that TravelCenters was selling the Radio Sets, which it determined were easily modified for use on the Citizen Band and, therefore, could not lawfully be sold. The Commission issued a citation advising TravelCenters that it was violating Section 302 of the Communications Act (47 U.S.C. §151 *et seq.*)(the "Act"). When TravelCenters continued to sell the Radio Sets, the Commission issued a second warning in 2002, and, on July 27, 2005, a Notice of Apparent Liability proposing a fine of $7,000.

TravelCenters challenged the penalty proposed in the Notice of Apparent Liability to the Western Region of the Commission's Enforcement Bureau (the "Bureau"). On June 29, 2006, the Bureau rejected TravelCenters' challenge and issued a forfeiture order fining TravelCenters in the amount of $7,000 (the "Order"). TravelCenters did not seek further review of the Bureau's action or the Order and also failed to pay the $7,000 within 30 days.

The United States filed this action to enforce the Order and obtain a judgment in the amount of $7,000. TravelCenters filed a third-party complaint naming Consumer Electronics as a third-party defendant based on Consumers Electronics' agreement to indemnify TravelCenters against any and all action arising from the sale of the Radio Sets. Consumer Electronics filed a counterclaim against the United States seeking a declaratory judgment. Specifically, Consumer Electronics asks the court to declare that: 1) the fine assessed against TravelCenters is not enforceable; 2) the Radio Sets are legal to sell; 3) the Public Notice was not properly enacted; and 4) the Radio Sets and similar

transceivers do not require certification under the Act.

## Legal Standard

Fed.R.Civ.P. 12(b)(1) motions to dismiss for lack of subject matter jurisdiction generally take two forms. First, a defendant may facially attack the allegations in the complaint as insufficient to establish subject matter jurisdiction. Thornhill Publishing Co. v. General Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979). "In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true." Holt v. United States, 46 F.3d 1000, 1002 (10th Cir. 1995).

Second, a party may go beyond the allegations in the complaint and attack the factual basis for subject matter jurisdiction. Thornhill, 594 F.2d at 733. If a party factually attacks subject matter jurisdiction, then no presumptive truthfulness attaches to the factual allegations in the complaint. Id. In that instance, a court has wide discretion to allow additional evidence in order to resolve disputed jurisdictional facts under Rule 12(b)(1). Biotics Research Corp. v. Heckler, 710 F.2d 1375, 1379 (9th Cir. 1983). Furthermore, a court's reference to evidence outside the pleadings does not convert the motion to a Fed.R.Civ.P. 56 summary judgment motion. Id.

However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Fed.R.Civ.P. 12(b)(6) or Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). The jurisdictional question is intertwined with the merits of the case where "'a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief.'" Sun Valley Gasoline, Inc. v. Ernst Enter., Inc., 711 F.2d 138, 139-40 (9th Cir. 1983), quoting Timberlane Lumber Co. v. Bank of America, 549 F.2d 597, 602 (9th Cir.

1976).

## Discussion

The United States argues that this court lacks jurisdiction over Consumer Electronics' counterclaims for two reasons: 1) the court of appeals has exclusive jurisdiction over the matter; and 2) Consumer Electronics failed to exhaust the administrative remedies available to it at the agency level. The Act states that "[a]ny proceeding to enjoin, set aside, annul or suspend any order of the Commission under this Act * * * [2] shall be brought as provided by and in the manner prescribed in chapter 158 of title 28, United States Code [28 U.S.C. §§ 2341 *et seq.*]." 42 U.S.C. §402(a). 28 U.S.C. §2342(1) provides that:

> "[t]he court of appeals (other than the United States Court of Appeals for the Federal Circuit) has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of —
>
> (1) all final orders of the Federal Communications Commission made reviewable by section 402(a) of title 27.

This makes it clear that Congress intended any attack on a final order of the Commission to be heard in the court of appeals. However, Congress granted the district courts subject matter jurisdiction over actions filed to enforce forfeiture orders issued under the Act.

> The forfeitures provided for in this Act shall be payable into the Treasury of the United States, and shall be recoverable, except as otherwise provided with respect to a forfeiture penalty determined under section 503(b)(3) of this Act [47 USCS § 503(b)(3)], in a civil suit in the name of the United States brought in the district where the person or carrier has its principal operating office or in any district through which the line or system of the carrier runs: *Provided*, That any suit for the recovery of a forfeiture imposed pursuant to the provisions of this Act shall be trial *de novo* * * *."

47 U.S.C. §504(a).

---

[2]The statute excepts certain actions not applicable here.

These statutes create somewhat of a quandary with regard to which court has jurisdiction over actions involving the Commission and the Act. The courts seem to have resolved the question by finding that actions which raise issues with regard to the facts underlying a forfeiture order, such as whether the conduct at issue violated the Act or its regulations, or which require the court to construe the regulations supporting a forfeiture order, are governed by 47 U.S.C. §504 and are properly resolved by the district court. On other hand, actions which attack the legality of the Act or its regulations are properly characterized as proceedings to enjoin, set aside, annul or suspend any order of the Commission under this Act and must be addressed by the appellate courts.

For example, in United States v. Any and all Radio Station Transmission Equipment, 207 F.3d 458 (8th Cir. 2000)("Radio"), the United States filed an action in district court to enforce a forfeiture order issued against a "microbroadcaster" who violated the Act by operating an unlicensed radio station at a power wattage in excess of that allowed under Commission regulations. The district court granted the government's motion for judgment on the pleadings. Id. at 461. The court found that there was no genuine issue of material fact and the government was entitled to judgment as a matter of law on the question of whether defendant's radio equipment violated the Act. Id. at 460. However, the district court refused to consider defendant's affirmative defenses which raised constitutional and other challenges to the microbroadcasting regulations. The court held that such questions fell within the court of appeals exclusive jurisdiction to determine the validity of all final orders of the Commission. Id. at 462. In reaching this conclusion, the district court distinguished two of the cases relied on by Consumer Electronics, noting that the claimants in those two cases

challenged some aspect of the forfeiture order. Id at 461.[3]

The court of appeals affirmed the district court's ruling. It noted that the case before it "involved both an effort to avoid enforcement of the forfeiture (and thus a matter for the district court) and a constitutional challenge to the microbroadcasting regulations (and thus a matter for the court of appeals)." Id. at 461. The circuit court characterized the constitutional challenge as "a defense exclusively focused on the validity of the regulations" which must be decided by the court of appeals. Id. at 463. The court relied on the authoritative determination of the United States Supreme Court in FCC v. ITT World Commnications, Inc., 466 U.S. 463 (1984) that a party may not evade the exclusive jurisdiction of the court of appeals over rulemaking by seeking to enjoin a final order of the Commission in district court and held that:

> A defensive attack on the FCC regulations is as much an evasion of the exclusive jurisdiction of the Court of Appeals as is a preemptive strike by seeking an injunction. Whichever way it is done, to ask the district court to decide whether the regulations are valid violates the statutory requirement. As this court said in applying ITT: "Where exclusive jurisdiction is mandated by a statute, a party cannot bypass the procedure by characterizing its position as a defense to an enforcement action. The exclusive jurisdiction of the courts of appeal cannot be evaded simply by labeling the proceeding as one other than a proceeding for judicial review."

Id. at 463, quoting Southwestern Bell Telephone v. Ark. Pub. Serv., 738 F.2d 901, 906 (8th Cir. 1984), *vacated and remanded on other grounds*, 476 U.S. 1167 (1986).

In addition to the two cases distinguished by the district court in Radio, Consumer Electronics relies on United States v. Any and all Radio Station Transmission Equipment, 207 F.3d 458 (6th Cir. 2000)("Radio II") in support of its argument that a defendant in a forfeiture proceeding

---

[3]"Pleasant Broadcasting Co. v. FCC, 564 F.2d 496 (D.C.Cir. 1977)(contesting whether refusal to permit FCC inspection violated regulation), and Dougan v. FCC, 21 F.3d 1488 (9th Cir. 1994)(disputing whether petitioner violated regulation by refusing to permit FCC inspection)." Radio, 207 F.3d at 461.

is entitled to litigate all of his defenses to the forfeiture order in the district court. However, shortly after the Sixth Circuit decided Radio II, the Ninth Circuit rejected the reasoning of the court in Radio II and expressly agreed with the Eighth Circuit's handling of the issue in Radio. United States v. Dunifer, 219 F.3d 1004 (9th Cir. 2000).

In Dunifer, the United States filed an action in district court seeking declaratory and injunctive relief prohibiting the defendant from engaging in unlicensed radio broadcasting in violation of the Act. The defendant argued that the Commission regulations were unconstitutional. The district denied the government's motion for preliminary injunction, finding that they had not met their burden of showing a probability of success. The court stayed the action to allow the Commission to address the defendant's constitutional arguments, which the Commission rejected. The district court then considered the government's motion for summary judgment and the defendant's overbreadth challenge based on the First Amendment and granted summary judgment in favor of the government. Id. at 1005-6.

The Ninth Circuit affirmed the lower court but held that it lacked jurisdiction to adjudicate the defendant's affirmative defenses challenging the constitutionality of the Commission rules, relying heavily on Radio.

> By its terms, the Communications Act's jurisdictional limitations apply as much to affirmative defense as to offensive claims. We find especially persuasive the Eighth Circuit's opinion in [Radio] in which the court so held. As the Eighth Circuit properly noted, the Supreme Court has already determined that "the exclusive jurisdiction of the Court of Appeals over rulemaking by the FCC may not be evaded by seeking to enjoin a final order of the FCC in the district court." (citation omitted). To allow Dunifer to contest the validity of the implementing regulation would create just such an invasion.

Id. at 1007.

It seems clear from these cases that the law in the Ninth Circuit is that questions related to the enforcement of a forfeiture order are to be resolved by the district court. On the other hand, questions relating to the validity of Commission rules or regulations under the Act must be determined by a court of appeals.

In its counterclaim, Consumer Electronics attacks the Order from two angles. First, it argues that underlying agency action requiring the certification of transceivers that can be converted to CB radios was not properly enacted and is, therefore, not enforceable. Second, it argues that the Radio Sets do not fall within the definition of convertable transceivers. The first argument is an attack on an Commission action and must be filed in the court of appeals. The second argument is based solely on how the regulation applies to the Radio Sets and is appropriately filed in this court.

To the extent the dispute between the parties is based on whether the Radio Sets are easy to modify or convert under the terms of the Notice, the dispute is related solely to the enforcement of the Order with regard to the Radio Sets and is properly before this court. Accordingly, the court finds that it has jurisdiction over Consumer Electronics request for a judgment declaring that the fine assessed against TravelCenters need not be paid, that the Radio Sets are legal to sell and that the Radio Sets do not require certification. The dilemma of whether these requests should be viewed as counterclaims or affirmative defenses, and who has the burden to support the allegations, need not be determined at this time.

The questions of whether the Notice is overbroad or was enacted in violation of the Due Process Clause of the United States Constitution are constitutional challenges to an order of the Commission and must be decided by the court of appeals. This court lacks subject matter

jurisdiction over these claims.[4]

Finally, Consumer Electronics asks the court to declare that transceivers that are similar to the Radio Sets do not require certification under the Act. The court finds that this request is too vague. Even if the court were to grant such a request, the question of whether a transceiver is sufficiently "similar" to the Radio Sets to fall with the court's ruling would still remain. The court would not resolve any existing conflict between the parties by granting Consumer Electronics' request. Additionally, such a ruling would be properly characterized as an advisory opinion, which this court is not at liberty to issue. North Carolina v. Rice, 404 U.S. 244, 246 (1971).

## Conclusion

The United States' motion to dismiss is GRANTED with regard to Consumer Electronic's request for a declaratory judgment ruling that the Public Notice was not properly enacted and that transceivers similar to the Radio Models do not require certification under the Act and DENIED in all other respects.

DATED this 10th day of October, 2007.

DONALD C. ASHMANSKAS
United States Magistrate Judge

---

[4]Because the court finds that the court of appeals has exclusive jurisdiction over Consumer Electronics' constitutional challenge to the Notice, the court need not address the United States argument that Consumer Electronics did not exhaust its administrative remedies with regard to this issue.