IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                                          CV. 06-1850-AS

                Plaintiff,                                          OPINION AND ORDER

    v.

TRAVELCENTERS OF AMERICA,

                Defendant.
_____

TRAVELCENTERS OF AMERICA,

                Third-Party Plaintiff,

    V.

CONSUMER ELECTRONICS UNLIMITED,

                Third-Party Defendant.
_____

ASHMANSKAS, Magistrate Judge:

       Plaintiff, the United States of America (the "United States"), filed this action to enforce and

collect on a forfeiture order issued by the Federal Communications Commission (the "Commission")

Page 1 - OPINION AND ORDER

against TravelCenters of America ("TravelCenters") for the sale of uncertified CB transceivers. Consumer Electronics Unlimited ("Consumer Electronics"), third-party defendants, filed counterclaims against the United States arguing that the forfeiture order was unenforceable. The United States moved to dismiss Consumer Electronics' counterclaims asserting that this court lacked subject manner jurisdiction over the claims. The court granted the motion in part but allowed Consumer Electronics to proceed on two of its counterclaims.

The United States and TravelCenters have settled their dispute and TravelCenters has paid the United States the sum of $7,000. Pursuant to the settlement agreement, the United States dismissed its claim against TravelCenters with prejudice and TravelCenters dismissed its claim against Consumer Electronics without prejudice.[1] The United States moves for the dismissal of Consumer Electronics' two remaining counterclaims.

## Background

The facts surrounding this action, as set forth in this court's prior opinion, are relevant in this context as well and are repeated here for clarity. Consumer Electronics is an electronic equipment dealer. TravelCenters, a retail establishment with stores located in the State of Oregon, is a customer of Consumer Electronics. TravelCenters purchased several different amateur band radio sets (the "Radio Sets") from Consumer Electronics to sell in its stores. Consumer Electronics agreed to indemnify TravelCenters against any and all claims arising out of the sale of the Radio Sets.

The Commission is charged with the responsibility of regulating the use of the country's airwaves. Included in this obligation is the regulation of equipment that utilizes the airwaves.

---

[1] Both TravelCenters and Consumer Electronics stipulated to the dismissal of the claims against them.

Page 2 - OPINION AND ORDER

Citizen Band transceivers ("CB Radios"), which are allowed to transmit only on certain assigned frequencies in the 11-meter band ("Citizen Band"), are required to be certified by the Commission prior to sale. Amateur Band transceivers ("AB Radios"), which are allowed to transmit only on certain assigned frequencies in the 10-meter or 12-meter bands ("Amateur Band"), do not require certification but the operator of the AB Radio is required to be licensed by the Commission to use the Amateur Band.

On May 13, 1996, the Commission issued a Public Notice entitled "Extended Coverage High Frequency Transceivers (the "Public Notice"). 1996 WL 24269. The Public Notice acknowledged that manufacturers of AB Radios were designing the radios so that they could be easily modified by the user for use on the Citizen Band.[2] The Commission reminded manufacturers, importers, vendors and users of transceivers that any transmitter intended for use on the Citizen Band must be certified or accepted by the Commission prior to sale. The Commission then specifically required AB Radios that were easily converted for use on the Citizen Band to be type accepted or certified by the Commission prior to importation, marketing or use.

In 2001, the Commission became aware that TravelCenters was selling the Radio Sets, which it determined were easily modified for use on the Citizen Band and, therefore, could not lawfully be sold without certification. The Commission issued a citation advising TravelCenters that it was violating Section 302 of the Communications Act (47 U.S.C. §151 *et seq.*)(the "Act"). When TravelCenters continued to sell the Radio Sets, the Commission issued a second warning in 2002, and, on July 27, 2005, a Notice of Apparent Liability proposing a fine of $7,000.

---

[2]The Public Notice also mentioned that certain manufacturers were promoting the sale of conversion kits which accomplished the same thing.

TravelCenters challenged the penalty proposed in the Notice of Apparent Liability to the Western Region of the Commission's Enforcement Bureau (the "Bureau"). On June 29, 2006, the Bureau rejected TravelCenters' challenge and issued a forfeiture order fining TravelCenters in the amount of $7,000 (the "Order"). TravelCenters did not seek further review of the Bureau's action or the Order and also failed to pay the $7,000 within 30 days.

The United States filed this action to enforce the Order and obtain a judgment in the amount of $7,000. TravelCenters filed a third-party complaint naming Consumer Electronics as a third-party defendant based on Consumers Electronics' agreement to indemnify TravelCenters against any and all action arising from the sale of the Radio Sets. Consumer Electronics filed a counterclaim against the United States seeking a declaratory judgment. Specifically, Consumer Electronics asked the court to declare that: 1) the fine assessed against TravelCenters is not enforceable; 2) the Radio Sets are legal to sell; 3) the Public Notice was not properly enacted; and 4) the Radio Sets and similar transceivers do not require certification under the Act. In its prior opinion, the court dismissed Consumer Electronics' request for a declaratory judgment ruling that the Public Notice was not properly enacted and that transceivers similar to the Radio Models do not require certification under the Act but allowed Consumer Electronics to pursue its counterclaims based on the enforceability of the fine and the legality of the Radio Sets.

The United States now moves to dismiss Consumer Electronics' two remaining counterclaims asserting that the settlement between the United States and TravelCenters "moots any remaining third party claims or defenses, which are, of necessity, based on an adjudication of the merits of the United States claim." Motion to Dismiss at 2. Consumer Electronics argues that because TravelCenters did not dismiss its indemnity claim against Consumer Electronics with prejudice, the

question of whether Consumer Electronics is obligated to indemnify TravelCenters for the $7,000 it paid to the United States remains undetermined.  Additionally, Consumer Electronics argues that the question of whether the Radio Sets require certification under the Act has not yet been addressed.

## Legal Standard

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Art. III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983), citing Flast v. Cohen, 392 U.S. 83, 94-101 (1968).  This requirement must be met at the time a party files a complaint or claim and continue throughout the existence of the litigation. Foster v. Carson, 347 F.3d 742, 745 (9th Cir. 2003). Parties "must demonstrate a 'personal stake in the outcome' in order to 'assure the concrete adverseness which sharpens the presentation of issues' necessary for the proper resolution of constitutional questions." Lyons, 461 U.S. at 101, quoting Baker v. Carr, 369 U.S. 186, 204 (1962). Failure to meet such a requirement renders the case "moot". Id.

The United States Supreme Court has recognized an exception in cases that are "capable of repetition, yet evading review." Murphy v. Hunt, 455 U.S. 478, 482 (1982)(citing Weinstein v. Bradford, 423 U.S. 147, 149 (1975). To qualify for the exception, the party pursuing litigation must establish that: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a very reasonable expectation that the same complaining party would be subjected to the same action again. Id. (citing Illinois Elections Bd. v. Socialist Workers Party, 440 U.S. 173, 187 (1975)).  The "mere physical or theoretical possibility" of a challenged action again affecting the plaintiff is not sufficient.  Instead, the party must show that

there is "a 'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur involving the same complaining party." Id. (quoting Weinstein, 423 U.S. at 149). The burden of proof to overcome mootness rests firmly with the plaintiff. Nelsen v. King County, 895 F.2d 1248, 1251 (1990).

### Discussion

After the settlement and subsequent dismissal of the United States' collection action against TravelCenters and TravelCenters claim for indemnification against Consumer Electronics, the only claims remaining before the court are grounded in Consumer Electronics' request for a ruling that the Radio Sets do not require certification under the Act. Consumer Electronics argues that, if the court issues such a ruling, then TravelCenters was not legally obligated to pay the $7,000 and Consumer Electronics is not required to indemnify TravelCenters for the payment.

TravelCenters is no longer a party to this action. TravelCenters currently has no claim for indemnification against Consumer Electronics. The counterclaims asserted by Consumer Electronics against the United States can be characterized as defenses to the collection action initiated by the United States against TravelsCenters – an action that has been settled and dismissed. In the context of this lawsuit, Consumer Electronics' counterclaims no longer present a viable case or controversy and Consumer Electronics no longer has a personal stake in this litigation. There is no indemnification claim currently asserted against it and a ruling by this court will not resolve any pending controversy between the United States and Consumer Electronics. Consumer Electronics' claims are moot and this court no longer has jurisdiction over this action.

Consumer Electronics asserts that its counterclaims are capable of repetition yet evading review and, therefore, should be addressed by the court at this time. Consumer Electronics argues

Page 6 - OPINION AND ORDER

that TravelCenters may still file an action in state court seeking indemnification from Consumer Electronics for the $7,000 it paid to the United States to settle the collection action. Consumer Electronics also contends that TravelCenters may purchase similar Consumer Electronics' products from another distributor, sell the product, get fined by the Commission and again seek indemnity from Consumer Electronics. Finally, Consumer Electronics notes that the settlement between the United States and TravelCenters did not affect any claims that any other department or agency of the United States may have against TravelCenters and asserts that TravelCenters (and Consumer Electronics as indemnitor) remains vulnerable to other fines or proceedings (civil or criminal) initiated by other governmental entities.

The court acknowledges that it is likely, if not probable, that TravelCenters will initiate an indemnification action in state court in an attempt to recover the $7,000 from Consumer Electronics. However, that action will be between TravelCenters and Consumer Electronics – it will not involve the United States as a party. The state court will consider the terms of the indemnification and settlement agreements to determine whether Consumer Electronics is obligated to indemnify TravelCenters. The issues raised by Consumer Electronics in this action, whether TravelCenters was legally obligated to pay the fine and whether the Radio Sets were required to be certified, can be raised in the state court as defenses to the indemnification claim and may be resolved by the state court. In fact, the posture of the state court litigation will mimic that which would have occurred had TravelCenters opted to pay the fine voluntarily before the United States was forced to bring this collection action and then filed an action for indemnity against Consumer Electronics in state court.

The possibility that TravelCenters may purchase similar items from a different distributor, sell the items, be fined by the United States and seek indemnification from Consumer Electronics

is too speculative to meet the second requirement of the exception. The regulation which required AB Radios that are easily converted for use on the Citizen Band to be type accepted or certified by the Commission was issued in 1996. The fine at issue was imposed on TravelCenters in 2005. Consumer Electronics has not presented evidence that any other sellers of products similar to the Radio Sets has been fined or subjected to a forfeiture order. If TravelCenters was the first seller to be fined for selling Consumer Electronics AB Radio in the past 10 years, it is unlikely that TravelCenters would be subject to a fine again in the near future. Similarly, the threat of other federal agencies imposing fines or initiating proceedings against TravelCenters for the sale of the Radio Sets is not sufficiently likely to qualify as a "very reasonable expectation" that such event will occur. Consumer Electronics has not provided the court with examples of fines or proceedings that could be imposed on TravelCenters by other federal agencies for selling the Radio Sets. In the absence of such evidence, the court finds that Consumer Electronics has failed to support its claim that there is a demonstrated probability that TravelCenters will seek indemnification for fines resulting from its sale of Consumer Electronics' products other than those resolved by the settlement agreement.

Consumer Electronics argues that TravelCenters' voluntary payment of the fine may subject TravelCenters, and Consumer Electronics as an indemnitor, to increased fines for future violations of the Act. The Act provides that:

> In any case where the Commission issues a notice of apparent liability looking toward the imposition of a forfeiture under this chapter, that fact shall not be used, in any other proceeding before the Commission, to the prejudice of the person to whom such notice was issued, unless (i) the forfeiture has been paid, or (ii) a court of competent jurisdiction has ordered payment of such forfeiture, and such order has become final.

47 U.S.C. § 504(c). The court agrees that, based on this statute, the fact that TravelCenters

Page 8 - OPINION AND ORDER

voluntarily paid the amount of the fine to settle this case may be viewed as a payment of the fine and used against them in future forfeiture proceedings. However, a ruling by the court that TravelCenters was not legally bound to pay the fine does not change the fact that TravelCenters, in fact, made the payment. In other words, the effect the payment may have on future forfeiture proceedings against TravelCenters will be the same regardless of this courts' consideration of TravelCenters' legal obligation pay the fine.

Finally, Consumer Electronics argues that the question of whether the Radio Sets were required to be certified under the Act remains at issue. Consumer Electronics concedes that it may pursue this issue through administrative proceedings, as suggested by the United States. However, Consumer Electronics asserts the threat that additional fines may be imposed during the pendency of the administrative proceedings relieves it of its duty to exhaust the administrative procedures available to it before seeking review in this court. First, the court notes that it has limited its review in this case to considering whether the Radio Sets needed to be certified and dismissed Consumer Electronics' request to declare that transceivers that are similar to the Radio Sets do not require certification under the Act. Accordingly, the claim currently before the court relates solely to the Radio Sets. The threat that additional fines may be imposed against TravelCenters by the Commission for selling the Radio Sets has been eliminated by the settlement agreement. As noted above, the likelihood that another federal agency may fine TravelCenters for selling the Radio Sets is virtually nonexistent. Accordingly, the question of whether the Radio Sets were required to be certified under the Act prior to sale is not sufficiently capable of repetition to qualify for the exception. Second, Consumer Electronics' stated desire for a prompt determination with regard to whether its AB Radios must be certified is rather disingenuous in light of the fact that Consumer

Electronics could have applied for certification of the AB Radios as early as ten years ago and, apparently, has felt no urgency to have this issue addressed until now.

<u>Conclusion</u>

The United States' motion (37) to dismiss Consumer Electronics' counterclaims with prejudice is GRANTED.

DATED this 29th day of January, 2008.

                                          /s/ Donald C. Ashmanskas
                                                DONALD C. ASHMANSKAS
                                                United States Magistrate Judge